**Robert and Martha CURRY, h/w**

v.

**JOHNS–MANVILLE CORPORATION, et al.**

v.

**CELOTEX CORPORATION, et al.**

Civ. A. No. 81–0068.

United States District Court, E. D. Pennsylvania.

March 17, 1982.

Obermayer, Rebmann, Maxwell & Hippel, J. A. Young and J. J. Leonard, Philadelphia, Pa., for Owens-Illinois Glass Co.

Robert St. Leger Goggin, Daniel J. Ryan, Jr., Philadelphia, Pa., for Johns-Manville Corp. & Sales Corp. & Johns-Manville, Corp., et al.

Harold Marcus, Philadelphia, Pa., for Pacor, Inc.

G. Daniel Bruch, Jr., Philadelphia, Pa., for Pacor.

Francis E. Shields, Philadelphia, Pa., for Ametex Corp.

Timothy B. Barnard, Beagan, Gannon & Barnard, Media, Pa., for Glen Alden Corp. and Rapid-American Corp.

Perry S. Bechtle, Philadelphia, Pa., for Keene Corp.

Detweiler, Hughes & Kokonos, Dudley Hughes, Philadelphia, Pa., for Unarco.

John P. Kelley, Philadelphia, Pa., for Owens-Corning Fiberglass.

Edward Greer, Philadelphia, Pa., for GAF Corp.

Joel D. Gusky, Harvey, Pennington, Herting & Renneisen, Philadelphia, Pa., for Carey Canadian Mines.

Edward J. David, Philadelphia, Pa., for Pittsburgh-Corning Corp.

Thomas O. Malcolm, Andrew J. Trevelise, Malcolm & Riley, West Chester, Pa., for Celotex Corp.

White & Williams, J. H. Foster, P. Samson, Philadelphia, Pa., for H. K. Porter Co. & Southern Textile Corp. and Forty-eight Insulations.

Paul Seave, Philadelphia, Pa., for Raybestos-Manhattan.

Stewart C. Crawford, Springfield, Pa., for Delaware Insulation.

Mark O. Denehy, Philadelphia, Pa., for Nicolet Industries.

Bank, Shor, Levin & Weiss, P.C., Wyncote, Pa., Greitzer & Locks, Philadelphia, Pa., for plaintiffs.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiffs in this asbestos case move for leave to amend their complaint, pursuant to

F.R.C.P. 15(c), to add certain additional defendants[1] on a "relation back" basis, as though they had been sued at the same time that plaintiffs filed their original complaint. These additional defendants are currently involved in the case as third-party defendants, having been joined by one of the original defendants, Pacor, Inc., on a third-party complaint for indemnity or contribution.

Plaintiffs filed their original complaint on January 9, 1981, alleging that Mr. Curry had suffered personal injury as a result of exposure to asbestos. Paragraph six of that complaint alleges that plaintiffs first learned of the injuries sued upon on October 17, 1979. On June 10, 1981, one of the original defendants, Pacor, Inc., filed a third-party complaint for contribution or indemnity against various third-party defendants. Plaintiffs then sought leave of Court to amend their complaint so as to name these same third-party defendants as direct defendants on November 16, 1981.

The various third-party defendants against whom plaintiff seeks to assert direct claims[2] argue that plaintiffs' cause of action against them expired no later than October 17, 1981, two years after plaintiffs learned of the injury sued upon. *See* 42 Pa.C.S.A. § 5524(2). Assuming that this is true—and nothing now before me indicates that plaintiffs contest it—then plaintiffs' amended complaint would be timely only if it were deemed to relate back to the time of filing of the original complaint, January 9, 1981.

■ Rule 15(c)[3] provides that amended pleadings "relate back" when the claim or defense asserted in the amended pleading arose out of the same "conduct, transaction, or occurrence" as was set forth in the original proceeding. In addition, the Rule provides:

An amendment changing the party against whom a claim is asserted relates back if . . ., within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ There can be no serious dispute that this amended complaint satisfies the general requirement of Rule 15(c), in that it asserts a claim arising out of the same "conduct, transaction, or occurrence" as that set forth in the original pleading. The relevant questions are therefore two:

(1) Did the filing of Pacor's third-party complaint in June of 1981 give the third-party defendants such notice of the institution of this action that they will not be prejudiced in maintaining their defense on the merits?

(2) Did the third-party defendants know prior to October 17, 1981, or ought they to have known, that but for a mistake concerning the identity of the proper party, the action would have been brought against them?

The answer to the first of the questions above must be affirmative. Third-party de-

---

**1.** These companies are Nicolet Industries, Inc; GAF Corporation; Celotex Corporation; H. K. Porter Co., Inc., Thermoid Division; Southern Textile Corp.; Eagle Picher Industries; Keene Corporation; Pittsburgh-Corning Corporation; and Ametex Corporation.

**2.** Oddly, Raybestos-Manhattan, Inc., a third-party defendant joined by original defendant Johns-Manville and served with the third-party complaint on or about December 9, 1981, opposes plaintiffs' motion to amend, arguing strenuously that plaintiff ought not to be al-

lowed to assert a direct claim against it. However, neither plaintiffs' motion for leave to amend nor the proposed amended complaint attached thereto makes any mention whatever of Raybestos-Manhattan.

**3.** The rule in this Circuit is that, even in diversity cases, the question whether an amendment relates back is one of federal law. *Loudenslager v. Teeple*, 466 F.2d 249, 250 (3rd Cir. 1972); *Patraka v. Armco Steel Co.*, 495 F.2d 1013 (M.D.Pa.1980).

fendants' argument that the possibility of losing their time-bar defense constitutes "prejudice" within the meaning of the first proviso of Rule 15(c) ignores the obvious purpose of that Rule to permit circumvention of the statute of limitations under certain circumstances. The focus of the first proviso of Rule 15(c) is on "notice"; the "prejudice" to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale. Because Pacor's third-party complaint is in essence merely a charge that the third-party defendants engaged in the same type of conduct vis-a-vis plaintiffs as did Pacor, and that they therefore are liable to pay for plaintiffs' injury to the same extent as Pacor may be, the proof relevant to a defense against the third-party action is the same as that which would be relevant to a defense against a direct action by plaintiffs. The filing of Pacor's third-party complaint in June of 1981 therefore gave the third-party defendants sufficient timely notice to satisfy the first proviso of Rule 15(c).

The second question—whether third-party defendants knew or should have known before the expiration of the limitations period that, but for a mistake, they would have been sued directly—is more difficult to answer. It would not appear that plaintiffs' failure to sue these third-parties directly was due to a "mistake," at least not of the kind that is usually involved in cases where Rule 15(c) amendments are allowed. *See, e.g. Swann Oil, Inc. v. M/S Vassilis*, 91 F.R.D. 267 (E.D.N.C.1981) (vessel owner named in complaint later determined not to have been owner at time cargo was damaged); *Ratcliffe v. Insurance Co. of North America*, 482 F.Supp. 759 (E.D.Pa.1980) (corporate defendant misnamed in original complaint); *Patraka v. Armco Steel Co.*, 495 F.Supp. 1013 (M.D.Pa.1980) (corporate defendant misnamed in original complaint); *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D. Pa.1975) (prison superintendent named in complaint later determined not to have

been superintendent at time of injury sued upon).

If it was in fact by mistake that the third-party defendants joined by Pacor were not sued originally, plaintiffs' motion for leave to amend does nothing to illuminate me as to the nature and cause of that mistake. Plaintiffs appear to be relying on the notion that the filing of a third-party complaint automatically informs a third-party defendant that the plaintiff would have sued him directly, but for an error. To accept this notion would amount to adopting the principle that, in federal practice, the filing of a third-party complaint tolls the running of the statute of limitations on a cause of action between the plaintiff and a third-party defendant. This is not the general rule. *Straub v. Desa Industries, Inc.*, 88 F.R.D. 6, 9 (M.D.Pa. 1980). No case has come to my attention in which Rule 15(c) has been used to permit the otherwise untimely assertion of a direct claim by a plaintiff against a third-party defendant.

Moreover, the more reasonable inference to draw from the circumstances of this case is that third-party defendants had no reason to know, prior to the filing of plaintiffs' motion for leave to amend, that plaintiffs wished to assert direct claims against them. Plaintiffs presumably made some determination prior to filing their complaint of who most likely sold the products to which Mr. Curry was exposed. Tactical considerations may have entered into plaintiffs' decision to sue only the original defendants, instead of launching a broader attack on the asbestos industry. Pacor's decision to bring additional parties into the suit may also have been based in part on tactical considerations. To the extent Pacor's joinder of additional asbestos sellers was based on better information than that hitherto available to plaintiffs, plaintiffs certainly knew the identities of these additional companies by June of 1981. At that point, plaintiffs had four months within which to move for leave to amend before October 17, 1981, when

their cause of action would arguably become barred according to the allegations of their own complaint. However, plaintiffs made no attempt to assert direct claims against the third parties until November. Under these circumstances, third-party defendants may have inferred quite reasonably that plaintiffs' failure to take prompt action to assert direct claims against them was a matter of deliberate tactical choice, not error.[4]

In summary, I hold that, although plaintiffs have satisfied the other requirements of Rule 15(c), their amended complaint does not relate back because they have not shown that the parties they seek to join as additional defendants knew or should have known before the expiration of the limitations period that, but for a mistake concerning the identity of the proper party, plaintiffs would have sued them directly. Accordingly, I will deny plaintiffs' motion for leave to amend pursuant to F.R.C.P. 15(c).

---

4. In *Francis v. Pan American Trinidad Oil Company*, 392 F.Supp. 1252, 1258–59 (D.Del.1975), the court used a similar analysis in refusing to apply Rule 15(c) to allow an amendment adding an additional defendant.