917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. KING, Plaintiff-Appellant,
v.
D.T. NATION, Defendant-Appellee.
 Nos. 89-6113, 89-6114.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant James Edward King appeals the district court's denial of his motion to amend his complaint and its grant of summary judgment in favor of defendant. Plaintiff brought an action under 42 U.S.C. Sec. 1983 ("Section 1983") against defendant D.T. Nation in his capacity as Sheriff of McMinn County, Tennessee for alleged violations of appellant's eighth and fourteenth amendment rights.[1] Plaintiff claims that he was deprived of appropriate medical treatment for his physical and mental problems, which were allegedly apparent to Sheriff Nation and his deputies, while the plaintiff was incarcerated at the McMinn County jail. For the reasons stated herein, we affirm the judgment below.
 
 
 2
 On or about June 4, 1987, plaintiff was arrested for possession of a controlled substance. He was incarcerated at the McMinn County Jail and thereafter unsuccessfully attempted to cut his wrists with a mutilated pop can. The next day, plaintiff's mother obtained a court order requiring Sheriff Nation to take the plaintiff to Moccasin Bend Mental Health Institute ("Moccasin Bend"). After being diagnosed with depression, plaintiff spent approximately 45 days at Moccasin Bend and was treated for drug addiction.
 
 
 3
 Several months after being released on bond from Moccasin Bend, plaintiff's ex-girlfriend filed a complaint against him for malicious destruction of property and aggravated assault. As a result, plaintiff's bond was revoked and he was again incarcerated in the McMinn County Jail. On September 30, 1987, plaintiff again unsuccessfully attempted to cut his wrists with a mutilated pop can while in custody at the McMinn jail. After being treated at the local hospital for his injuries, plaintiff was returned to Moccasin Bend where he remained until November 10, 1987. By agreement with the State of Tennessee, plaintiff was transferred to the Bradley County Jail where he is presently incarcerated.
 
 
 4
 In his complaint, plaintiff alleges that Sheriff Nation was deliberately indifferent to his alleged physical injuries and psychological needs, in violation of section 1983. Plaintiff further alleges that he has suffered severe physical harm, physical pain, mental and emotional distress as a result of Sheriff Nation's acts and omissions. Plaintiff sought $1,000,000 in compensatory and punitive damages.
 
 
 5
 Sheriff Nation filed a motion for summary judgment on July 12, 1989. On July 19, 1989, plaintiff filed a motion to amend his complaint, under Fed.R.Civ.P. 15(c), to add three sheriff deputies employed at the McMinn County jail as additional defendants. On August 1, 1989, the district court denied plaintiff's motion to amend, noting that the one year statute of limitations had run on plaintiff's section 1983 claim, under T.C.A. Sec. 28-3-104. On August 11, 1989, the district court granted Sheriff Nation's motion for summary judgment on the basis that plaintiff had failed to submit evidence that Sheriff Nation was personally involved in the alleged violations. Plaintiff challenges both rulings on appeal.
 
 A. Motion to Amend Under Rule 15(c)
 
 6
 It is undisputed that the statute of limitations had run on plaintiff's section 1983 claim at the time he attempted to add the sheriff's deputies as additional parties. Plaintiff argues, however, that his amended complaint should be allowed to "relate back" to the date on which the original complaint was brought, under Federal Rule of Civil Procedure 15(c), which provides:
 
 
 7
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if a foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action wold have been brought against the party.
 
 
 8
 Fed.R.Civ.P. 15(c). See Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379 (1986).
 
 
 9
 Typically, Rule 15(c) has been applied to situations where the plaintiff mistakenly named the wrong party, was unaware of the defendant's proper name, or was unaware of defendant's existence at the time the original complaint was filed. See Ringrose v. Engelberg Huller Co., 692 F.2d 403 (6th Cir.1982); Wynne v. United States, 382 F.2d 699 (10th Cir.1967). However, relation back is improper where plaintiff could have discovered the identity of the defendant through due diligence or knew of the defendant but failed to name him within the limitation period. Curry v. Johns-Manville Corp., 93 F.R.D. 623 (E.D.Pa.1982) (plaintiff's failure to name known person as a party could reasonably be construed as a matter of tactical choice); Keller v. United States, 667 F.Supp. 1351 (S.D.Cal.1987) (defendant's failure to be included in the lawsuit could have been viewed as an intentional decision not to sue rather than a "mistake"). See also Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir.1980); United States use of Statham Instruments, Inc. v. Western Casualty & Surety Co., 359 F.2d 521, 523 (6th Cir.1966); Potts v. Allis-Chalmers Corp., 118 F.R.D. 597 (N.D.Ind.1987). Deposition testimony revealed that plaintiff and his mother knew the identity of all three deputies at the time of the alleged violations, as well as their roles in the actions described in the complaint. Plaintiff has failed to explain his failure to name the deputies in the original complaint and, further, has failed to introduce any substantive evidence that the sheriff deputies had notice that they would be eventually brought in as parties. Therefore, relation back under Rule 15(c) is inappropriate in this instance and the district judge's order is affirmed.
 
 B. Plaintiff's Section 1983 Claim
 
 10
 Plaintiff seeks monetary damages pursuant to 42 U.S.C. Sec. 1983[2] for an alleged deprivation of his rights under the eighth and fourteenth amendments of the United States Constitution on the grounds that Sheriff Nation was "deliberately indifferent" in failing to provide medical assistance and maintain a safe jail facility.[3] The court applies a de novo standard of review when reviewing a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). A motion for summary judgment should be granted only if, based on the record as a whole and viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.1986). Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986).
 
 
 11
 Plaintiff's theory is that Sheriff Nation failed to properly supervise his subordinates and oversee the daily operations of the McMinn County jail. However, this Court has repeatedly held that liability of supervisory personnel under section 1983 must be based on something more than the right to control the actions and conduct of subordinate employees. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984) (citing Hays v. Jefferson County, 668 F.2d 869 (6th Cir.1982)). Personal involvement in the alleged abuse must be shown in order to establish a prima facie case of "deliberate indifference" under section 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Plaintiff has offered no evidence of such personal involvement and, thus, has failed to meet his burden under Fed.R.Civ.P. 56.
 
 AFFIRMED
 
 
 [1]
 By agreement of the parties McMinn County, Tennessee was dismissed as a party to this action
 
 
 [2]
 42 U.S.C. Sec. 1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [3]
 Although plaintiff was a detainee, the due process rights of detainees are at least as great as the eighth amendment rights of convicted inmates. See Revere v. Massachusetts General Hospital, 463 U.S. 239, 103 S.Ct. 2979 (1983)