In re **HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.**

**Hechinger Liquidation Trust,. as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,**

v.

**Spectrum Group, Inc., Defendant.**

**Bankruptcy No. 99–02261(PJW).**
**Adversary No. 01–3388.**

United States Bankruptcy Court, D. Delaware.

May 26, 2004.

John T. Carroll, III, Cozen and O'Connor, Wilmington, DE, Joseph L. Steinfeld, Jr., Karen M. Scheibe, ASK Financial, Eagan, MN, Co–Counsel for Plaintiff, Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtor in Possession.

James E. Huggett, Flaster/Greenberg P.C., Wilmington, DE, Counsel to United Industries Corporation d/b/a Spectrum Group, Inc.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the motion (Doc. # 6) filed by the Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc. et al. ("Plaintiff"). By its motion the Plaintiff is requesting this Court to: (1) re-open the closed adversary proceeding, which was originally filed to avoid and recover alleged preferential transfers made to Spectrum Group, Inc. ("Spectrum"), (2) vacate the notice of dismissal filed by the Plaintiff, (3) permit the Plaintiff to file an amended complaint and (4) enlarge the time for the Plaintiff to effect service. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On June 11, 1999, Hechinger Investment Company of Delaware, Inc. ("Debtor")

filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*[1] The Plaintiff filed a complaint on June 5, 2001 naming Spectrum Group, Inc. as the defendant and alleging that preferential transfers were made by the Debtor to Spectrum during the 90 days prior to the Debtor's petition. The payments at issue were made payable to "Spectrum Group, P.O. Box 60202, St. Louis, MO."

In its effort to effect service of process on Spectrum, the Plaintiff conducted online research and determined that Spectrum's proper physical address was 100 N. Broadway, Suite 2000, St. Louis, MO. Service was attempted on July 20, 2001, but the summons and complaint were returned to Plaintiff's counsel on August 13, 2001 marked "no forward order on file, unable to forward." According to the Plaintiff, on August 20, 2001, it "conducted another computer assisted on-line corporate search and was unable to locate another address for Spectrum Group, Inc." (Doc. # 6 at 3.)

On September 26, 2001, the Plaintiff filed a motion for enlargement of time to complete service of process for a number of preference actions, including the one against Spectrum. On October 4, 2001, the order was entered granting the Plaintiff a 70 day extension, until December 12, 2001, to effect service of the complaints. Seven days after the extension was granted, on October 11, 2001, the Plaintiff filed a notice of dismissal, dismissing this adversary proceeding without prejudice. The adversary proceeding was closed by this Court on October 12, 2001.

In February 2003 the Plaintiff discovered that Spectrum had filed a proof of claim for $151,712.12. The proof of claim was filed on October 29, 1999 but the Plaintiff offers no explanation of the delay in its discovery. Using the address listed on the proof of claim, 8825 Page Ave., St. Louis, MO, the Plaintiff conducted another computer assisted online corporate search and discovered that the address was listed under United Industries Corporation ("United Industries"). The name "Spectrum Group" was not registered by United Industries, even thought it was the name United Industries used in its transactions with the Debtor. From February 2003, when the Plaintiff discovered the proof of claim, until the date this motion was filed, Plaintiff's counsel attempted several times to resolve the matter with Spectrum. It was not resolved and the motion was filed on November 7, 2003.

## DISCUSSION

■ The Plaintiff claims that the Court has the authority under § 105 to re-open the adversary proceeding since the notice of dismissal was entered based on the "reasonable and good faith error" by Plaintiff's counsel. (Doc. # 6 at 6.) In relevant part, § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Plaintiff does not explain how § 105 applies to the facts here and it cites no case law authority suggesting that § 105 provides a remedy for its error. In any event, I disagree with the Plaintiff that the error was reasonable.

In an attempt to locate the physical address of Spectrum, Plaintiff's counsel conducted several online searches and eventually concluded that Spectrum had been "administratively dissolved." (Doc. # 6 at 4.) But why not review the Debtor's records, including the proofs of claim filed in the case? One would certainly expect that some of the creditors receiving payments during the 90 days prior to the petition, likely also had unpaid invoices

**1.** Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

when the petition was filed. Indeed, it is quite common for preference action defendants to also have pre-petition claims against the estate. How is it that the Plaintiff discovered the proof of claim in February 2003 but not earlier? No explanation has been offered and I conclude that the Plaintiff's search for a proper address was not reasonable under the circumstances.

The Plaintiff also claims that the Court can relieve it from the final dismissal order under Rule 60 of the Federal Rules of Civil Procedure.[2] Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

The Plaintiff, however, does not specify which of the six subparts of Rule 60(b) it relies on. The motion simply states that "Federal Rule of Civil Procedure 60 provides that the Court may relieve a party from a final order based upon mistake, inadvertence, surprise or excusable neglect; fraud, misrepresentation, or other misconduct of an adverse party, or any other reason justifying relief." (Doc. # 6 at 7.) This statement clearly implicates subparts (1), (3) and (6) of Rule 60(b). The motion makes no suggestion of "fraud, misrepresentation, or other misconduct" so subpart (3) is not applicable.

Rule 60(b) provides that a motion shall be made within a reasonable time and, if subparts (1), (2) or (3) are applicable, the motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). The Plaintiff admits that filing the notice of dismissal was an "error," therefore clearly invoking subpart (1). The adversary proceeding was closed on October 12, 2001 and the motion was filed November 7, 2003, which is more than two years after the proceeding was dismissed. As a result the motion cannot rest on subpart (1). Even if the Plaintiff seeks to invoke subpart (6) ("any other reason justifying relief"), the motion must be brought within a reasonable time. Two years is not a reasonable period of time under the circumstances here and I do not understand how the Plaintiff's error can constitute a reason justifying relief. Furthermore, "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive and the reasons justifying relief under 60(b)(1) cannot be the basis for relief under 60(b)(6)." *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir.1985).

---

**2.** Rule 60(b) is made applicable here by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

■ The motion also seeks leave to file an amended complaint and enlarge the time in which to effect service upon Spectrum. Rule 15 of the Federal Rules of Civil Procedure[3] states in pertinent part:

(a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

■ Leave should be granted unless there is evidence of undue delay, bad faith, dilatory motive, undue prejudice or futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "[L]eave to amend shall not be given where an amendment will be futile and 'an amendment would be futile if a plaintiff is trying to add defendants after the statute of limitations period has expired.'" *Hechinger Liquidation Trust v. Cooper Bussmann, Inc. (In re Hechinger Inv. Co.),* 297 B.R. 390, 393 (Bankr.D.Del. 2003) (citing *Gharzouzi v. Northwestern Human Svcs.,* 225 F.Supp.2d 514, 530 (E.D.Pa.2002)).

An action to avoid and recover alleged preferential transfers under § 547 is subject to a two year statute of limitations imposed by § 546. The Plaintiff is attempting to file the amended complaint well over two years after the running of the statute and is seeking to add a new defendant in the amended complaint. The original complaint named Spectrum Group, Inc. as the defendant but the amended complaint proposes to include United Industries Corp. d/b/a Spectrum Group d/b/a Spectrum Group, Inc. d/b/a Spectrum Brands.

Rule 15(c)(3) of the Federal Rules of Civil Procedure is implicated here. That Rule states:

An amendment of a pleading relates back to the date of the original pleading when

\*          \*    ′  \*          \*          \*          \*

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)

Thus, within the period provided by Rule 4(m) for service of the summons and complaint, the new defendant must (1) have received notice of the action so that the party will not be prejudiced and (2) have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Rule 4(m) of the Federal Rules of states in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant ...; provided that if the plaintiff shows good

---

3. Rule 15 is made applicable to an adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure.

cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Here, the Plaintiff had 190 days after the complaint was filed to effect service and put Spectrum on notice. There is no evidence, nor does the Plaintiff allege, that it successfully served Spectrum, let alone the new defendant, United Industries. Moreover, the Plaintiff failed to provide any evidence that United Industries knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. As a result, permitting the amendment would be futile because the statute of limitations on the preference action expired and the amended complaint would not relate back.

If Spectrum had been properly served it would be likely that United Industries would have been found to be on notice because of the relationship with Spectrum—United Industries was doing business as Spectrum. However, Spectrum did not have notice of the complaint and consequently neither did United Industries. Both Spectrum and United Industries apparently became aware of the Plaintiff's potential claim in February 2003 when the Plaintiff discovered the proof of claim—three years and eight months after the cause of action arose (the petition date) and one year and eight months after the complaint was filed.

## CONCLUSION

For the reasons set forth above, the Court will deny the Plaintiff's motion.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the motion (Doc. # 6) by Hechinger Liquidation Trust to: (1) re-open the adversary proceeding; (2) vacate the notice of dismissal; (3) permit the Plaintiff to file an amended complaint and (4) enlarge the time to effect service is **DENIED.**