David MAILEY,

v.

SEPTA, et al.

No. 01–CV–2747.

United States District Court,
E.D. Pennsylvania.

Nov. 30, 2001.

Kenneth B. Grear, Philadelphia, PA, for plaintiff.

Roger P. Cameron, Obermayer Rebmann Maxwell & Hippel LLP, Philadelphia, PA, Suzanne Reilly, Philadelphia, PA, Richard S. Schlegel, Roslyn G. Pollack, Philadelphia, PA, A. Victor Meitner, Broad Axe, PA, James E. Egbert, Jennifer M. Ganley, Gallagher Rowan & Egbert, Philadelphia, PA, Joseph P. Connor, III, Connor Weber & Oberlies, Philadelphia, PA, Elizabeth F. Walker, Kennedy & Walker, Philadelphia, PA, for defendants.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

On July 2, 1999, David Mailey was injured while attempting to use a foot bridge on West Somerset Street in Philadelphia. On April 30, 2001, Mailey filed a complaint against SEPTA, the City of Philadelphia, PECO Energy Co., Draco Investments, Consolidated Rail Corporation ("Conrail"), and National Railroad Passenger Corporation ("Amtrak") in state court within the applica-

ble two year statute of limitations which expired on July 2, 2001.[1] Amtrak removed this case to federal court on June 4, 2001. On July 26, 2001, the parties met for a conference under Federal Rule of Civil Procedure 26 at which time Mailey first learned that A.P. Construction, Inc. ("A.P.") and Roma Concrete, Inc. ("Roma") had been working in the area of the foot bridge on or about the time that Mailey was injured. Mailey filed a motion for leave to amend the complaint to add A.P. and Roma as defendants under Federal Rule of Civil Procedure 15(c) on September 28, 2001, after the statute of limitations had run. A.P. and Roma were permitted to intervene in this action for the limited purpose of opposing their joinder. Unless Mailey's proposed amendment to the complaint relates back to the original date of the pleading pursuant to Rule 15(c), Mailey's claims against A.P. and Roma are time-barred.

### A. Rule 15(c)(3)(B)

The relevant section of Fed. R.Civ.P. 15(c) provides:

> Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when ...
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

A.P. and Roma agree that Mailey has met the notice requirement of Rule 15(c)(3)(A), leaving the outstanding issue as whether A.P. and Roma "knew or should have known that, but for the mistake concerning the identity of the proper party," the action would have

been brought against them. There is no dispute that the reason Mailey did not name A.P. and Roma as defendants in the original complaint was that Mailey did not know until after the expiration of the statute of limitations that the parties had worked in the area where he was injured. Only if this constitutes "a mistake concerning the identity of the proper party" will amendment of the complaint be permissible.

### B. Application of Rule 15(c)(3)(B)

■ The mistake in identity of the proper party requirement of Rule 15(c)(3)(B) undoubtedly applies in instances where there has been a misnomer or misidentification of a party and a plaintiff seeks to substitute a real party in interest. *See Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993) (quoting *Wood v. Worachek,* 618 F.2d 1225, 1229–30 (7th Cir.1980)); *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc., et al.,* 801 F.Supp. 1450, 1457 (E.D.Pa.1992). *Mathai v. Catholic Health Initiatives, Inc.,* No. CIV.A.00–656, 2000 WL 1716747 (E.D.Pa. Nov.16, 2000) offers a clear example of the type of misidentification of a party to which Rule 15(c)(3)(B) applies. After being discharged from his employment as a therapist at Nazareth Hospital, the plaintiff in *Mathai* sued not the hospital but Catholic Health Initiatives, Inc. ("CHI"), based on his belief that Nazareth Hospital had been dissolved as a corporate entity when it was purchased by CHI. *See id.* at *1. The plaintiff sought to add Nazareth Hospital when he learned through discovery that it was a wholly owned subsidiary of CHI. Finding that the plaintiff had shown a mistaken understanding about the identity of his employer, the court in *Mathai* granted the plaintiff's motion for leave to amend the complaint to add Nazareth Hospital. *See id.* at *3.

■ Rule 15(c)(3)(B) does not provide for relation back, however, when a plaintiff fails to sue a party before the expiration of the statute of limitations because the plaintiff was unaware that it was a potential party.

---

1. The applicable statute of limitations is governed by Pennsylvania law which provides for a two year statute of limitations in personal injury negligence actions. *See* 42 Pa.Con.Stat.Ann. § 5524(2) (West 1981 & Supp.2001).

*See Olin v. George E. Logue, Inc.,* 119 F.Supp.2d 464, 473 (M.D.Pa.2000) (no mistake in identity where the plaintiffs' "failure to include [the new party] in their original complaint was due to their lack of knowledge of the proper party").

Rule 15(c)(3)(B) also does not apply when a plaintiff simply omits from the original complaint a separate, unrelated party, regardless of whether the omission was unintentional. *See Nelson v. County of Allegheny,* 60 F.3d 1010, 1015 & n. 8 (3d Cir.1995) (no mistake demonstrated where there was no substitution of parties in interest but potential plaintiffs simply failed to add their names to the complaint before the expiration of the statute of limitations); *Curry v. Johns–Manville Corp.,* 93 F.R.D. 623, 626 (E.D.Pa.1982) (no mistake demonstrated when the plaintiff failed to bring a direct claim against a third party defendant before the expiration of the statute of limitations). Nor does it apply to allow a plaintiff "to perform an end-run around the statute of limitations that bars [the plaintiff's] claims." *Nelson,* 60 F.3d at 1015.

### C. Mailey's Claim

Mailey cannot satisfy the mistake in identity requirement of Rule 15(c)(3)(B). This is not a case where Mailey identified the wrong construction and concrete companies or misnamed the companies in the original complaint. Mailey's failure to add A.P. and Roma before the expiration of the statute of limitations was due to a lack of knowledge that A.P. and Roma were potentially liable parties. Mailey argues that he should be permitted to add A.P. and Roma as defendants because "there was absolutely no way of ascertaining" that A.P. and Roma worked in the area where he was injured until he was informed of this fact by one of the defendants after the expiration of the statute of limitations. Regardless of whether or not his contention is accurate, his failure to identify A.P. and Roma as parties is not the kind of mistake recognized under Rule 15(c)(3). It is a mistake in not thoroughly investigating the incident. Rule 15(c)(3) is not intended to provide a way to avoid the consequences of the statute of limitations by allowing a plaintiff to bootstrap a time-barred claim against a new, unrelated party to a timely claim brought against the original defendants. Granting Mailey's motion for leave to amend would allow Mailey "to take advantage of the rule to perform an end-run around the statute of limitations that bars [his] claims." *Nelson v. County of Allegheny,* 60 F.3d at 1015.

Mailey points out that some courts have permitted joinder of a party that was never named or described in the original complaint. The court in *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450 (E.D.Pa.1992), explained that such cases are limited to circumstances in which "the original party and added party have a close identity of interests" such that the new party should have known it would have been joined "but for an error in legal judgment." *Id.* at 1457. Examples of this type of legal error are (1) suing a corporation but failing to sue the individual employees of the corporation allegedly responsible for the particular violation, and (2) suing a City employee in a civil rights action but failing to the City itself. *See id.* Mailey has presented no evidence that A.P. and Roma share a close identity of interests with one of the named defendants. Therefore, this exception does not apply.

Mailey cites *Trant v. Towamencin Township,* No. CIV.A.99–134, 1999 WL 317032 (E.D.Pa. May 20, 1999), for the general proposition that relation back "is not limited to cases of misnamed or misdescribed parties, but includes the addition of new parties never originally named or described." *Id.* at *6. This language in *Trant* is dicta. *Trant* involved a proposed amendment to replace originally named defendants, "Officers John Doe # 1–6", with the names of the actual police officers. *See id.* at *3–5. The parties which the *Trant* plaintiffs sought to add were described in the original complaint through their actions. *Trant* is clearly distinguishable from this case since Mailey did not even know that A.P. and Roma performed work in the area where he was injured until after the statute of limitations expired.

Because Mailey has not met the requirement of Rule 15(c)(3)(B), I will deny the motion for leave to amend the complaint.

## ORDER

**AND NOW**, this day of November 2001, it is **ORDERED** that plaintiff's motion for leave to amend the caption of the complaint to add proposed defendants, A.P. Construction, Inc. and Roma Concrete, Inc. (Docket # 16) is **DENIED.**

