**In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.**

**Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,**

v.

**Cooper Bussmann, Inc., Defendant.**

**Bankruptcy No. 99–02261(PJW).
Adversary No. 01–2137.**

United States Bankruptcy Court,
D. Delaware.

July 10, 2003.

John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Joseph L. Steinfeld, Jr., Joseph A. Hess, Kelly J. Shannon, ASK Financial, Eagan, MN, Co–Counsel for

Plaintiff, Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware.

Michael L. Vild, Christopher P. Simon, Neil B. Glassman, The Bayard Firm, Wilmington, DE, Counsel for Defendant, Cooper Bussmann, Inc.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

Before the Court is the Motion of Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., (the "Plaintiff") for leave to amend its complaint to reflect the proper defendant's names (Doc. # 12) (the "Motion"). For the reasons set forth below, the Motion will be denied.

## BACKGROUND

Hechinger Investment Company of Delaware, Inc. (the "Debtor"), filed a voluntary Chapter 11 petition in this Court on June 11, 1999. The adversary proceeding at issue here was initiated on June 5, 2001, when Plaintiff filed a complaint against Cooper Bussmann, Inc., ("Bussmann") seeking the avoidance and recovery of allegedly preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code.[1] On August 27, 2001, Bussmann filed its answer to the complaint, admitting that it had received some, but not all, of the allegedly preferential transfers. On September 26, 2001, Plaintiff filed an emergency motion seeking an extension of time to complete service of process in avoidance actions. That motion was granted on October 4, 2001 and Plaintiff was given until December 12, 2001 to effectuate service of process. On July 25, 2002, Plaintiff filed its Motion, seeking to name "Cooper Industries, Inc. d/b/a Bussmann Division, and d/b/a Cooper Lighting Division, f/k/a

Edison Lighting" as the defendant in this action.

A description of the following entities is appropriate here. Bussmann is a Delaware corporation with its principle place of business located in Ellisville, Missouri. Bussmann manufactures and sells fuses and other circuit protection devices under the "Bussmann" and "Buss" trade names. It is an independent operating company with its own president and departments of finance, sales, accounting, and credit, and its own customers, billing, and accounting records.

Cooper Lighting, Inc., ("Lighting") is a Delaware corporation with its principal place of business in Peachtree City, Georgia. It manufactures and sells lighting fixtures and accessories under the "Halo" and "Metalux" trade names. Like Bussmann, it is an independent operating company with its own president and departments of finance, sales, accounting, and credit, and its own customers, billing, and accounting records. Unlike Bussmann, it does not sell fuses or other products under the "Bussmann" or "Buss" trade names, and the operations and records of the two entities are entirely separate.

Cooper Industries, Inc., ("Cooper") is an Ohio corporation with its headquarters in Houston, Texas. It is the parent company of McGraw–Edison, which is the parent of both Bussmann and Lighting.

## DISCUSSION

 Plaintiff's Motion seeks to correct what it terms a "technical deficiency"—the use of a "slightly improper name in the caption of the original complaint." *See* Plaintiff's Reply Brief to Answering Brief of Cooper Industries, Inc. in Support of Plaintiff's Motion for Leave to Amend

---

1. The Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*, is hereinafter referred to as " § ____."

Complaint (Doc. #19), p. 6. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." [2] The leave sought should, as the rules require, be "freely given"; however, it may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *See id.*

■ Bussmann asserts that leave to amend the complaint should be denied as the amendment would be futile, would cause undue prejudice, and because Plaintiff has unduly delayed seeking relief. As to the first basis of denial of leave to amend, futility of amendment is shown "when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss." *Quality Botanical Ingredients v. Triarco Indus., Inc. (In re Quality Botanical Ingredients)*, 249 B.R. 619, 629 (Bankr.D.N.J.2000). Here, Bussmann asserts that is simply no evidence that Cooper did business as the

"Bussmann Division" or "Lighting Division" or that it received any transfers from the Debtor. As such, it asserts that Plaintiff's amended complaint could not withstand either a motion to dismiss for failure to state a claim upon which relief can be granted or a motion for summary judgment. Bussmann also notes that it is a separate and distinct corporate entity, duly formed under the laws of Delaware, and that, in order to name Cooper as a defendant, this Court would need to pierce the corporate veils of both Bussmann and Lighting, an action that would not be justified based on the evidence presented.[3]

■ Finally, with respect to the first basis for denial of the Motion, as noted above, leave to amend shall not be given where an amendment will be futile and "an amendment would be futile if a plaintiff is trying to add defendants after the statute of limitations period has expired." *Gharzouzi v. Northwestern Human Services of Pennsylvania*, 225 F.Supp.2d 514, 530 (E.D.Pa.2002) (citation omitted). Specifically, Bussmann contends that, rather than simply correcting the name of a defendant, Plaintiff has already named a correct defendant and is seeking to add another defendant in an attempt to circumvent the statute of limitations bar.

Bussmann also argues that the proposed amendment will unduly prejudice Cooper. Despite the fact that Lighting is a separate and distinct corporate entity, Plaintiff argues that Cooper is the proper defendant as the majority of the allegedly preferential transfers were made to the "Lighting Division." However, between

---

**2.** Rule 15 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7015 of the Federal Rules of Bankruptcy Procedure.

**3.** Technically, in order to pierce the corporate veil to reach Cooper, Plaintiff would need to show that Bussmann was a mere instrumentality of its parent, McGraw–Edison, and that McGraw–Edison was a mere instrumentality of its parent, Cooper.

April and August 2001, Lighting moved its headquarters from Illinois to Georgia. In connection with the move, personnel retired or chose not to relocate and certain records were discarded or otherwise destroyed. Thus, Bussmann argues that Cooper will be unduly prejudiced by the lack of records potentially necessary to prepare its defense.

Finally, Bussmann asserts that Plaintiff has unduly delayed seeking to amend its complaint. Lighting and Bussmann are engaged in different lines of business, and Bussmann asserts that the Debtors had established separate vendor accounts for each entity. Bussmann also asserts that, despite discovery having taken place, there is no evidence that the Debtor had a business relationship with Cooper, or that the Debtor maintained any account for Cooper. Additionally, Bussmann notes that Plaintiff has been aware for some time that Bussmann received very few of the allegedly preferential transfers that Plaintiff asserts went into the Cooper empire and suggests Plaintiff could have determined who did receive those payments in a more timely manner than it did.

In response, Plaintiff argues that Rule 15(c) of the Federal Rules of Civil Procedure permits the amendment to relate back to the original complaint. In relevant part, Rule 15(c) allows relation back when:

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Federal Rule of Civil Procedure 15(c).

Plaintiff argues that Cooper received notice in accordance with Rule 15(c)(3)(A) and that Cooper should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it.

■ However, "Rule 15(c)(3)(B) also does not apply when a plaintiff simply omits from the original complaint a separate, unrelated party, regardless of whether the omission was unintentional." *Mailey v. SEPTA*, 204 F.R.D. 273, 276 (E.D.Pa.2001). This is not a situation in which there has been a misnomer or misidentification of a party. Bussmann is properly a defendant in this action. Whether Lighting and/or Cooper should also be named as defendants, it is indisputable that they are entities separate from Bussmann and that their inclusion as defendants would constitute the naming of additional defendants.

I do not find credible Plaintiff's contention that it mistakenly named the wrong defendant due to the complexity of Cooper's corporate structure. Were I inclined to believe that Plaintiff's sophisticated counsel was unable to decipher Cooper's corporate structure, that assertion is belied by the fact that the named defendant in this action is "Cooper Bussmann, Inc." Thus, Plaintiff was clearly able to determine that Bussmann is a distinct corporate entity, regardless of how it may fit into the larger Cooper corporate structure. By choosing to name only one distinct entity as a defendant, Plaintiff necessarily omit-

ted naming either Lighting and/or Cooper. Even if that omission was unintentional, as a proper defendant was named, there is no reason Cooper and/or Lighting should have known that they were intended to be named as defendants as well. Thus, Rule 15(c)(3)(B) has not been satisfied and the amendment cannot relate back to the original filing, As such, it is barred by the statute of limitations and will not be permitted.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion is denied.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, Plaintiff's motion for leave to amend its complaint to reflect the proper defendant's names (Doc. # 12) is DENIED.